# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GARY NOWLIN,**

    **Plaintiff,**

**vs.**                                                     **Case No. 4:19cv338-MCR-CAS**

**WILLIAM BURNS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, initiated this case in July 2019 by submitting a civil rights complaint, ECF No. 1. After review of the complaint, an Order was entered advising Plaintiff that his allegations were insufficient to state a claim. ECF No. 7. Plaintiff was informed that a § 1983 action must be brought against a state actor for violations of the Constitution or federal law. *Id.* If Plaintiff believed there was a basis to continue this case, he was permitted to file an amended complaint. *Id.* Plaintiff has now done so, ECF No. 10, asserting that Defendants have used "fraud, theft, decite [sic], and various forms of obstruction of justice" to deprive him of an estate of William Burns, who

Plaintiff says "died in 1996." ECF No. 10 at 2. Plaintiff also contends that Defendants have deprived him of due process of violation in violation of the United States Constitution. *Id.*

Review of Plaintiff's amended complaint reveals it is short on facts, but long on conclusory allegations. Plaintiff provides no specific factual allegations which reveal how or when any person has violated his rights or deprived him of estate property. Plaintiff also contends, without stating actual facts, that Defendants "have maintained active monitoring" and surveillance of him from 1999 through the present. *Id.* at 3. He claims they have also "made money" from such monitoring by creating "music albums, comercials [sic], movies, inventions, formulas, investments, etc., all obtained" from what Plaintiff states is illegal and unconstitutional means. *Id.* Those means, however, are not described or specifically identified other than a conclusory allegation which states that Defendants "did violate many federal laws and comitted [sic] numerous unconstitutional acts, crossing state lines and misusing various broadcasting companies, including 'satalites,' 'cable-companies,' misusing the 'airways' of the United States and the 'internet-systems' of the world all in violation of the Federal

Commuication [sic] Commission of the United States and the 'World Court,' laws and regulations." *Id.* at 3-4.

Plaintiff's amended complaint is still insufficient to state a claim against Defendant William Burns, or any of the John or Jane Doe Defendants. Plaintiff does not demonstrate the violation of federal law, nor does he show how he was harmed by any Defendant. Because no plausible constitutional claim is evident, there is no need to provide an opportunity for Plaintiff to file second amended complaint.

Furthermore, none of Plaintiff's other recently submitted documents provide a basis to continue this case either. ECF Nos. 11-13. To the degree Plaintiff indicates that criminal charges should be brought, *see* ECF No. 13, Plaintiff is advised that a as a private citizen, he does not have "a judicially cognizable interest in the prosecution or nonprosecution of another." Diamond v. Charles, 476 U.S. 54, 64, 106 S. Ct. 1697, 1704, 90 L. Ed. 2d 48 (1986) (other citations omitted). In other words, Plaintiff does not have "the right to compel a State to enforce its laws" or prosecute crimes. Diamond, 476 U.S. at 65, 106 S. Ct. at 1705; *see also* Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973) (stating that "in American jurisprudence at least, a private citizen

lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Weaver v. Mateer & Harbert, P.A., 523 F. App'x 565, 568 (11th Cir. 2013) ("we have explicitly rejected a private citizen's interest in the prosecution of others"); Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987) (dismissing petition for writ of mandamus because private citizen cannot compel the investigation and prosecution of another) (cited in Riga v. Benezette, No. 612cv414-ORL19DAB, 2012 WL 12910269, at *3 (M.D. Fla. July 12, 2012)).  Accordingly, Plaintiff lacks standing to bring such a claim.

Finally, Plaintiff is also advised that his claims cannot proceed because it appears from his allegations that the events about which he complains have been ongoing since at least 1999.  A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989) and Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)).  In Florida, a § 1983 action must be commenced "within four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188 (citing Baker v. Gulf & Western

Case No. 4:19cv338-MCR-CAS

Indus., Inc., 850 F.2d 1480, 1483 (11th Cir. 1988)). Because Plaintiff states that the monitoring, surveillance, and other deprivations of the estate have been happening since 1999, any claims based on such facts are barred by the statute of limitations.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that: (1) Plaintiff's amended complaint, ECF No. 10, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), (2) the motion to see an agent, ECF No. 13, be **DENIED**, and (3) that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 10, 2019.

 S/    Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**